### BONANNO et al. v. TWEEDIE TRADING CO.

(Circuit Court of Appeals, Second Circuit. April 5, 1904.)

#### No. 189.

1. SHIPPING—BREACH OF CHARTER PARTY—REFUSAL OF CHARTERER TO ACCEPT VESSEL.

A decision adjudging that upon the facts shown a charterer was not legally justified in refusing to accept the vessel when tendered for loading affirmed on the opinion of the trial court.

Appeal from the District Court of the United States for the Southern District of New York.

In Admiralty. For opinion below, see 117 Fed. 991.

Lorenzo Ullo, for libelants.

Charles S. Haight, for respondent.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. We fully concur in the opinion of Judge Adams in the court below (117 Fed. 991), except upon a single point, and the opinion is otherwise such a complete and satisfactory statement of the facts and the law of the case as to require nothing further to be added to it. The opinion suggests that the charterer may have

precluded itself from insisting upon the failure of the vessel owner to give notice of her readiness to discharge until after 9 a. m. on April 15th, because it had allowed the vessel to proceed to Baltimore, when it knew that she could not reach that place in time to give an earlier notice, if its construction of the contract was correct. This suggestion does injustice to the charterer, and indicates that the previous correspondence between the charterer and the vessel's agents was in part overlooked or misapprehended by the learned judge. It appears by that correspondence that the charterer had explicitly defined its position to the vessel's agents, and that the latter understood that the charterer intended to insist upon its strict rights, and fully recognized the propriety of doing so under the circumstances of the case. The decision, however, was not placed upon the ground of any estoppel or waiver, and it is unnecessary to consider whether the right to cancel the charter would have been in any way affected if the charterer's conduct had been such as was imputed to it. We also concur in the very excellent opinion of the commissioner upon the question of damages, and approve the reasons stated for his conclusions.

The decree is affirmed, with interest, but without costs to either party.